UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOELLE JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CREDIT INTERNATIONAL, INC., a corporation, d/b/a CCV and COMPUTER CHECK VERIFICATION,<br><br>    Defendants. | No. C-03-100 SC<br><br>ORDER RE: PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |

## I. INTRODUCTION

Plaintiff Noelle Johnson ("Plaintiff") filed this suit as a class action against Defendant Credit International, Inc. ("Defendant"). The suit alleged violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. In February 2005, the parties reached a settlement in favor of Plaintiff. The settlement called for Plaintiff to receive attorneys' fees, but having been unable to mutually agree on an amount, Plaintiff has now moved this Court for an award of attorneys' fees and costs.

## II. BACKGROUND

Plaintiff Noelle Johnson wrote a check in August 2000 to Cost

1  Plus, a retail store. Motion at 1. The check failed to clear,
2  and Plaintiff acknowledges that she has only made partial payment
3  on the check since then. Id. In 2002, Plaintiff began to receive
4  collection demands from Defendant. Plaintiff alleges in her
5  Complaint that the demand letters "misrepresented the character,
6  amount or legal status of alleged debts" and demanded "amounts
7  that could not lawfully be recovered against a person who has
8  written a check that did not clear." Amended Complaint at 6.
9  Plaintiff's Amended Complaint alleged that these activities
10 violated the FDCPA, as well as state law.
11     On February 2, 2005, Judgment in favor of Plaintiff and
12 against Defendant was entered by this Court pursuant to a Fed. R.
13 Civ. P. 68 settlement. Although made with "no admission of
14 liability," Defendant agreed to pay Plaintiff Johnson a total of
15 $1,000, which is the maximum amount recoverable under 15 U.S.C. §
16 1692k, to repay all interest fees collected from California
17 residents who received letters similar to those received by
18 Plaintiff Johnson, and to be permanently enjoined from attempting
19 to collect interest against insufficient funds checks from
20 California residents. Judgment, Exhibit A. Furthermore,
21 Defendant agreed to pay "reasonable attorneys' fees and costs to
22 be agreed to by the parties or, absent agreement, to be determined
23 by the Court." Id. Having been unable to agree mutually on an
24 amount, Plaintiff's Motion for Attorneys' Fees and Costs is now
25 before the Court.

26 **III.  LEGAL STANDARD**

27     The FDCPA states that a plaintiff may recover "the costs of

28

2

the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). With respect to awarding attorneys' fees in general, the Ninth Circuit has stated, "District courts must calculate awards for attorneys' fees using the 'lodestar' method. The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 (9th Cir. 2001) (internal citations and quotations omitted).

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party ...." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

A district court that reduces the amount claimed by a prevailing party should identify the hours spent inefficiently and provide an explanation as to the particular degree of reduction. Ferland, 244 F.3d at 1150. Blanket reductions in attorneys' fees motions are discouraged and subject to higher scrutiny upon review. Gates, 987 F.2d at 1399. Nevertheless, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." Id.

## IV. **DISCUSSION**

Plaintiff claims attorneys' fees in the amount of $38,098.50. Plaintiff also claims costs of $2,293.34. Motion at 12. The $38,098.50 figure breaks down into: 1) $24,186.50 billed by attorney O. Randolph Bragg for 55.6 hours at an hourly rate of $435; 2) $1,232.00 billed by Mr. Bragg's law clerk Craig Shapiro for 11.2 hours at an hourly rate of $110; 3) $12,680.00 billed by attorney Paul Arons for 31.7 hours at an hourly rate of $400. Motion at 8.

Based on the Court's docket report for this case, the Plaintiff's attorneys filed the following papers with and made the following appearances before this Court: 1) filing of the Complaint and an Amended Complaint, both of which were approximately 10 pages plus exhibits but largely the same; 2) filing a Joint Case Management Conference Statement in conjunction with Defendant, which was approximately 10 pages; 3) appearing before this Court for a Joint Case Management Conference on June 13, 2003; 4) filing a motion to certify a class, which was accompanied by a memorandum and several declarations; 5) filing an acceptance of Defendant's Rule 68 offer; 6) filing an opposition to Defendant's motion to dismiss, which was rendered moot by the Court's later Judgment; 7) filing the instant Motion, along with a related memorandum and declarations; and 8) filing a motion, subsequently denied, to carry out limited discovery related to the instant Motion. Plaintiff's attorney also prepared and served written discovery on Defendant, a process cut short by the Rule 68 settlement, and participated in a three-hour deposition of

4

1  Plaintiff. Motion at 5. Based on these activities, the Court
2  finds that Plaintiff's attorneys carried out a more than *de*
3  *minimis* amount of litigation activity despite the fact that this
4  case settled well before trial.
5      In calculating the appropriate lodestar for this case, this
6  Court must deduct from the lodestar hours that were "not
7  reasonably expended." Hensley v. Eckerhart, 461 U.S. 424, 434
8  (1983). Therefore, having examined the papers and briefs
9  submitted by the parties, the Court has reviewed each activity
10 claimed by Plaintiff's attorneys and adjusts the activities as
11 follows.
12     First, with respect to the written discovery propounded by
13 Plaintiff, in June 2003 Mr. Bragg spent 1.1 hours preparing the
14 discovery materials, Mr. Arons spent 1.8 hours doing the same, and
15 the legal assistant Mr. Shapiro spent 2 hours.[1] However, as
16 Defendant points out, these discovery questions were just a cut-
17 and-paste version of questions from the numerous other FDCPA cases
18 handled by Plaintiff's attorneys. Ellis Declaration, Exhibits J-
19 M. Clearly, Plaintiff's attorneys have recreated this same
20 document many times in virtually the same format. Therefore, the
21 Court finds that Mr. Shapiro can properly bill 1 hour for the
22 discovery requests and Mr. Bragg can bill 0.2 hours. Mr. Arons
23 may not bill any amount for this activity.
24     Second, with respect to the Motion for Class Certification,
25 Mr. Bragg alleges that he spent approximately 8 hours preparing

---

[1] All references to alleged hours are taken from the Bragg Declaration, Exhibit 1-0, and the Arons Declaration, Exhibit 1.

5

the motion itself, supporting documents, and a stipulation to continue the motion. Mr. Shapiro alleges that he spent 3 hours doing the same, and Mr. Arons, 0.4 hours. Given that preparing motions for class certification is one of the principal tasks undertaken by Plaintiff's attorneys in practicing in this field, and has been done by them numerous times in the past, see Bragg Declaration at 6-9, the Court finds these alleged hours to lack credibility. Therefore, the Court finds that Mr. Bragg can properly bill 3 hours for the work expended on this motion, Mr. Shapiro can bill 2 hours, and Mr. Arons 0.2 hours.

Third, with respect to the Motion for Attorneys' Fees which is now before this Court, Mr. Bragg alleges that he spent 2.1 hours preparing the Motion and carrying out related activities. Mr. Arons alleged that he spent 6.8 hours on the same. As Defendant points out, this Motion was virtually identical to other attorneys' fees motions filed by these same attorneys in other cases. Ellis Declaration, Exhibits X-AA. Therefore, the Court finds that an expenditure of 8.9 hours on this Motion by Plaintiff's attorneys is unreasonable and excessive. It is unclear to the Court why Mr. Bragg's legal assistant could not have carried out most of this work, subject to a brief review by the two attorneys. Therefore, the Court holds that Mr. Bragg and Mr. Arons may each bill 0.3 hours for this Motion, and Mr. Shapiro may bill 2 hours for it.

Fourth, the Court notes that Mr. Bragg traveled from his office in Chicago to San Francisco for a deposition of Plaintiff. Mr. Bragg billed 15.4 hours for travel time, during a portion of

6

1  which he allegedly reviewed documents.  Mr. Bragg has not
2  presented any reason to the Court why local counsel, either Mr.
3  Arons or other local counsel here in the Northern District of
4  California, could not have carried out this routine deposition.
5  Therefore, the Court holds that Mr. Bragg may not bill for his
6  travel time.  He may, however, bill 0.5 hours for his review of
7  the documents in preparation for the deposition.
8     Fifth, this Court finds that the declarations of Plaintiff's
9  attorneys simply lack credibility in certain respects.  For
10 example, Mr. Bragg's custom was to itemize multiple activities
11 that took place on the same day.  Then, because his law firm
12 rounds up to the nearest tenth of an hour, the result is that an
13 activity such as preparing a fax of a document is billed for six
14 minutes on top of preparing the document itself for 54 minutes.
15 Bragg Declaration, Exhibit 1-O at 8.  Putting aside the obvious
16 question of why Mr. Bragg must prepare a fax at his hourly rate of
17 $435 when he has a variety of assistants to call upon, this Court
18 asks if Mr. Bragg could have perhaps prepared the document and the
19 fax all in the same 54 minutes, without an additional six minute
20 charge.  This method of billing items for only one tenth of an
21 hour appears over 60 times in Mr. Bragg's Declaration.  The Court
22 finds this method of billing to be unreasonable and excessive.
23 Unfortunately, the Court has no practical way of divining which
24 items Mr. Bragg inflated in this manner and which he did not.
25 Several of these items have already been disallowed in the above
26 sections.  Therefore, pursuant to its above-described discretion
27 to make percentage cuts, the Court will reduce Mr. Bragg's
28

**United States District Court**
For the Northern District of California

7

billings by a total of 5 hours on account of this opaque record keeping.

Turning to the issue of Plaintiff's alleged costs, since the Court disallowed any recovery for Mr. Bragg's time spent traveling to San Francisco, the Court also finds that it would be inappropriate to allow him to recover for the cost of his travel. Therefore, the Court will reduce the amount of recoverable costs from $2,293.34 to $1,695.74.

Finally, the Court must determine an appropriate hourly rate for Mr. Bragg, Mr. Arons, and Mr. Shapiro. The rate must be a "reasonable hourly rate." Ferland, 244 F.3d at 1149. The reasonable hourly rate is calculated "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). In the matter at hand, there is no prevailing market rate because the work that Plaintiff's counsel does is typically compensated through recovery of attorneys' fees, as here. Therefore, the Court will look to other cases involving attorneys' fees recovered pursuant to the FDCPA. Plaintiff would have the Court rely on Defenbaugh v. JBC & Assocs., No. C-03-0651, 2004 U.S. Dist. LEXIS 16256 (N.D. Cal. Aug. 10, 2004), an unreported case in this District. In Defenbaugh, the same attorneys who represented Plaintiff here represented a different plaintiff in a similar action that terminated with a similar settlement. In that case, Mr. Bragg recovered at a rate of $435 and Mr. Arons at $400. Notwithstanding the outcome of Defenbaugh, recently reported case law from a variety of jurisdictions strongly suggests that these amounts are outside the range of

8

market rates in the Northern District. See, e.g., Pinkham v. Prof'l Claims Bureau, Inc., 367 F. Supp. 2d 338 (E.D.N.Y. 2005) (holding that $250 per hour was reasonable in an FDCPA case); Owens v. Howe, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (holding that $225 per hour was reasonable in an FDCPA case); Mann v. Acclaim Fin. Services Inc., 348 F. Supp. 2d 923 (S.D. Ohio 2004) (holding that $200 per hour was reasonable in an FDCPA case). The Court recognizes that rates for legal work in San Francisco tend to be at the high end of national averages. Therefore, the Court finds that the highest rate cited above, $250, is appropriate for both of Plaintiff's attorneys. The Court finds Mr. Shapiro's rate of $110 per hour to be reasonable.

## V. CONCLUSION

Taking into account all of the above, the Court finds that Mr. Bragg is to be compensated for a total of 28 hours, calculated by subtracting the above-described deductions from his alleged total of 55.6 hours. Similarly, the Court finds that Mr. Arons is to be compensated for a total of 23.2 hours, calculated by subtracting the above-described deductions from his alleged total of 31.7 hours. Also, the Court finds that Mr. Shapiro is to be compensated for 11.2 hours, with the above adjustments offsetting
///
///
///
///
///
///

9

1  each other.  At the above hourly rates, this totals $7000.00,
2  $5800.00, and $1232.00, respectively.  In addition, Plaintiff is
3  to be awarded $1695.74 in costs.  The total attorneys' fees and
4  costs to be recovered is $15,727.74.
5       IT IS SO ORDERED.
6       Dated: July  28 , 2005


                                    /s/ Samuel Conti
                                    UNITED STATES DISTRICT JUDGE

10